FILED

2026 May-13  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DIETRAM VARADHACHARY,** *et al.,* | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **Civil Action No. 5:25-cv-1904-CLS** |
| **THOMAS "JOEY" MEDINA** *et al.,* | ) ) ) | |
| **Defendants.** | ) ) ) | |
| _____ | ) ) | |
| **HONEY SKIVOLOCKE** *et al.,* | ) ) | |
| **Counterclaim & Cross-claim Plaintiffs,** | ) ) ) | |
| vs. | ) ) | |
| **RAYMOND JAMES AND ASSOCIATES, INC.,** | ) ) ) | |
| **Counterclaim Defendant,** | ) ) | |
| **DIETRAM VARADHACHARY,** *et al.,* | ) ) | |
| **Cross-claim Defendants.** | ) | |

## MEMORANDUM OPINION

The amended complaint in interpleader filed under 28 U.S.C. § 1335 by plaintiff, Raymond James and Associates, Inc., asks the court to determine the rights of six defendants to the funds in Raymond James' "Transfer on Death Account No. XXXX2631," owned by Mark Alexander McGarr during his lifetime, but who now

is deceased.[1]  The six defendants named in the amended complaint are:  Thomas "Joey" Medina; Lourdes "Inez" Roque; Honey M. Skivolocke; Dietram Varadhachary; Emily Graham Andrews; and, Jeneffer Planes.

This court previously determined that Raymond James had satisfied two of the three jurisdictional prerequisites for an interpleader action based upon 28 U.S.C. § 1335:  *that is,* Raymond James had shown (1) that it had "in its custody or possession money or property of the value of $500 or more," and (2) that there were two or more adverse claimants, of diverse citizenship.  Even so, Raymond James had not satisfied the third jurisdictional prerequisite:  the requirement that it either deposit the disputed funds into the registry of the court, or post a suitable bond.[2]  *See* doc. no. 49 (Order entered April 28, 2026), at 7-9.  Following consideration of the submissions of Raymond James and cross-claim plaintiffs Thomas Joseph Medina, Lourdes Inez Roque, and Honey M. Skivolocke addressing the question of whether it was feasible

---

[1] Doc. nos. 1 (Complaint in Interpleader) & 4 (Amended Complaint in Interpleader).

[2] The interpleader statute, 28 U.S.C. § 1335, confers jurisdiction on the district courts if, in addition to the foregoing requisites:

> [T]he plaintiff has *deposited such money or property* or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation *into the registry of the court*, there to abide the judgment of the court, or *has given bond payable* to the clerk of the court *in such amount* and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(2) (emphasis supplied).

to deposit the funds previously held in McGarr's Transfer on Death account into the court's registry, or whether a bond should be required (and, if so, the appropriate amount of such bond), the court ordered Raymond James to deposit in the court's registry, no later than May 11, 2026, a bond in the amount of $90,000.  Doc. no. 53. Raymond James complied with that order on May 11, 2026.  Doc. no. 54 (Notice of Deposit of Cash Bond).  Therefore, all jurisdictional requirements of 28 U.S.C. § 1335 have been satisfied.[3]

Accordingly, this court now proceeds to address the following motions:  (1) the amended motion of *defendant and cross-claim defendant* Jeneffer Planes to set aside the clerk's entry of default (doc. no. 45); and (2) the motion of *cross-claim plaintiffs* Thomas Medina, Lourdes Roque, and Honey Skivolocke for default judgment, and judgment on the pleadings or, in the alternative, motion for summary judgment (doc. no. 36).

## I.  PROCEDURAL BACKGROUND

### A.    Interpleader Action

Raymond James and Associates, Inc., commenced this action on November 3, 2025, by filing a complaint in interpleader against *four* defendants — *i.e.*, Thomas "Joey" Medina, Lourdes "Inez" Roque, Honey Skivolocke, and Dietram Varadhachary

---

[3] Raymond James was discharged from liability to the interpleader defendants upon the deposit of the bond into the court's registry.  *See* doc. no. 53 (Order entered May 6, 2026), at 5.

— and seeking a determination under 28 U.S.C. § 1335 of each defendant's respective rights to the account owned by Mark Alexander McGarr during his lifetime (*i.e.*, Raymond James Account No. XXXX2631), and asking to be dismissed from the action. Doc. no. 1. Three days later, however, Raymond James amended its complaint to add two defendants: *Emily Graham Andrews*; and, *Jeneffer Planes.* Doc. no. 4 (November 6, 2025 Amended Complaint in Interpleader). The allegations of that amended complaint were summarized in the order entered on April 28, 2026 (doc. no. 49), but they are reproduced below for the purpose of providing context for discussion of the motions addressed in this memorandum opinion.

Mark Alexander McGarr opened a brokerage account with Raymond James on November 5, 2007.[4] More than fifteen years later (*i.e.*, on August 1, 2023), Mr. McGarr executed a "Transfer on Death Agreement" in relation to that account.[5] The 2023 Agreement provided that, upon McGarr's death, the account assets were to be distributed among three beneficiaries in the following proportions: forty percent to *Emily Graham Andrews*; forty percent to *Jeneffer Planes*; and, twenty percent to *Dietram Seevaram Varadhachary*.[6]

Two years later, however (*i.e.*, on August 4, 2025), McGarr executed a revised

---

[4] Doc. no. 4 (Amended Complaint in Interpleader) ¶ 11.

[5] *Id.* ¶ 13; *see also* doc. no. 4-3 (Transfer on Death Agreement dated Aug. 1, 2023).

[6] Doc. no. 4 (Amended Complaint in Interpleader) ¶¶ 11, 13; *see also* doc. no. 4-3 (Transfer on Death Agreement dated Aug. 1, 2023).

Transfer on Death Agreement which provided that, upon his death, the account assets were to be distributed among four beneficiaries in the following proportions:  seventy percent to *Honey M. Skivolocke*; ten percent to *Thomas Joseph Medina*; ten percent to *Lourdes Inez Roque*; and, ten percent to *Dietram Seevaram Varadhachary*.[7] **NOTE WELL**:  *Emily Graham Andrews* and *Jeneffer Planes* were eliminated as beneficiaries of any portion of McGarr's account by his revised, August 4, 2025 Transfer on Death Agreement; and, *Dietram Seevaram Varadhachary* was the only beneficiary common to both agreements, but his percentage of account assets was reduced from twenty, to ten percent by the terms of the revised, 2025 agreement.

Mark Alexander McGarr died shortly after executing his revised agreement, on September 17, 2025.[8]

Following his death, Raymond James transferred the funds in brokerage account No. XXXX2631 to four other Raymond James accounts, in accordance with the terms of McGarr's revised, 2025 Transfer on Death Agreement:  *i.e.*, seventy percent of the account assets were deposited to an account designated for defendant *Honey M. Skivolocke*; ten percent into an account designated for defendant *Thomas Joseph Medina*; ten percent into an account designated for defendant *Lourdes Inez*

---

[7] Doc. no. 4 (Amended Complaint in Interpleader) ¶ 14; *see also* doc. no. 4-4 (Transfer on Death Agreement dated Aug. 4, 2025).

[8] Doc. no. 4 (Amended Complaint in Interpleader) ¶ 15.

*Roque*; and, ten percent into an account designated for defendant *Dietram Seevaram Varadhachary*.[9]

Thereafter, on some unspecified date, defendant Jeneffer Planes corresponded with representatives of Raymond James, and disputed the validity of McGarr's revised, 2025 Transfer on Death Agreement.[10]   Due to what it perceived to be competing claims to the funds, Raymond James commenced this interpleader action.[11]

## B.    Responses to the Amended Complaint in Interpleader

On December 12 and 16, 2025, respectively, defendants Emily Graham Andrews and Dietram Seevaram Varadhachary filed answers to the amended complaint in interpleader.[12]  Dietram Varadhachary's answer contained the following statements under the heading "General Position":

1. Defendant does not dispute the validity of the August 4, 2025 Transfer on Death ("2025 TOD") Agreement referenced in the Complaint.

2. Defendant asserts no adverse or competing claim to the funds beyond the 10% interest allocated to him under both the 2023 and 2025 TOD Agreements.

---

[9] *Id.* ¶ 16.

[10] *Id.* ¶ 17.

[11] *Id.* ¶ 18.  Even so, Raymond James permitted Dietram Varadhachary to withdraw ten percent of the funds in the subject account on the date of McGarr's death, because Varadhachary was named as a beneficiary in both Transfer on Death Agreements and, therefore, was due to receive at least ten percent of the funds, regardless of which Agreement is determined to control distribution of the account.  Doc. no. 4 (Amended Complaint in Interpleader) ¶ 14 n.1.

[12] Doc. nos. 11, 12.

3. Defendant takes no position regarding the competing claims made by other Defendants.

4. Defendant will abide by whatever distribution the Court determines to be proper, including any determination regarding the validity of the TOD Agreements.

5. Defendant has no objection to Plaintiff depositing the disputed funds into the Court's registry and being dismissed from this action.

6. Defendant requests to be excused from further participation except where the Court specifically orders otherwise.

Doc. no. 12.

Defendant Jeneffer Planes was personally served with summons and a copy of Raymond James' amended complaint in interpleader (doc. no. 4) on December 27, 2025,[13] but she did not file an answer or any other response.

## C.    Counterclaim and Cross-Claims of Medina, Roque, and Skivolocke

Defendants Thomas "Joey" Medina, Lourdes "Inez" Roque, and Honey M. Skivolocke filed an answer to Raymond James' amended complaint in interpleader on December 17, 2025.[14]  They also asserted a counterclaim against Raymond James, and cross-claims against the following co-defendants to the interpleader action:  Emily Graham Andrews; Jeneffer Planes; and Dietram Varadhachary.[15]  They alleged that

---

[13] Doc. no. 19 (Summons Returned as Executed).

[14] Doc. no. 16 (Answer to Amended Complaint for Interpleader & Counterclaim/Cross-Claim of Defendants Skivolocke, Medina & Roque).

[15] *Id.* at 8-12.

the terms of McGarr's revised, 2025 Transfer on Death Agreement control the disposition of his account funds, and ask this court to enter a judgment declaring that the revised agreement is valid and enforceable.[16]  They also ask the court to enter a judgment declaring that each of the beneficiaries named in McGarr's revised, 2025 Agreement is entitled to the share of the account assets specified in that document, and to direct "that person or entity in possession of the funds or assets of the Account" to pay the named beneficiaries accordingly.[17]

Raymond James answered the counterclaim on December 30, 2025.[18]  Neither Jeneffer Planes nor Dietram Seevaram Varadhachary filed an answer or any other response to the cross-claim.  Emily Graham Andrews answered the cross-claim, but her response was not timely.  Doc. no. 32.  Accordingly, *cross-claim plaintiffs* Thomas Joseph Medina, Lourdes Inez Roque, and Honey M. Skivolocke requested the Clerk of Court to enter default against *cross-claim defendants* Jeneffer Planes, Emily Graham Andrews, and Dietram Seevaram Varadhachary.[19]  The Clerk entered default against Planes and Varadhachary on January 30, 2026.[20]  It is unclear why default was

---

[16] *Id.* ¶ 30.A.

[17] *Id.* ¶ 30.

[18] Doc. no. 20 (Answer of Raymond James and Associates, Inc.).

[19] Doc. no. 25 (request for entry of default against Planes); doc. no. 26 (request for entry of default against Andrews and Varadhachary); doc. no. 27 (amended request for entry of default against Planes); and, doc. no. 28 (amended request for entry of default against Varadhachary).

[20] Doc. nos. 29, 30.

not simultaneously entered against Emily Graham Andrews.  Even so, Andrews filed

a tardy answer to the cross-claim on February 12, 2026, stating:

> 1. I do not contest the 2025 Transfer on Death Agreement signed by Alex McGarr on August 4, 2025 (Doc. 4-4, the "2025 TOD") and thereafter submitted to Raymond James by Alex McGarr.
>
> 2. I do not oppose final judgment on the Crossclaim in favor of those named as beneficiaries in the 2025 TOD.

Doc. no. 32.

The entry of default against Jeneffer Planes was amended on February 20, 2026,

to reflect that she was in default as to both Raymond James' amended complaint in

interpleader, and, the cross-claim of cross-claim plaintiffs Thomas Joseph Medina,

Lourdes Inez Roque, and Honey M. Skivolocke.  Doc. no. 34.

Cross-claim plaintiffs Medina, Roque, and Skivolocke filed a motion seeking

the following remedies on March 12, 2026:  (1) a judgment by default against Jeneffer

Planes, as to both Raymond James' amended complaint in interpleader, and, their

cross-claim; (2) a judgment by default against Dietram Varadhachary as to their cross-

claim; (3) a judgment on the pleadings against Dietram Varadhachary as to Raymond

James' amended complaint in interpleader; and (4) a judgment on the pleadings

against Emily Graham Andrews as to both Raymond James' amended complaint in

interpleader, and, the movants' cross-claim.  Doc. no. 36.

Thereafter, on March 26, 2026, Jeneffer Planes filed a motion to set aside the

9

Clerk's entry of default, seeking leave to file an answer out of time, and stating her opposition to the cross-claim plaintiffs' motion for default judgment.  Doc. no. 44. She filed an amendment to that motion the following day.  Doc. no. 45.

## II.  PLANES'S AMENDED MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

The amended motion of interpleader and cross-claim defendant Jeneffer Planes asks the court to set aside the Clerk's entry of default against her as to both Raymond James' amended complaint in interpleader, as well as the cross-claim for declaratory judgment filed by cross-claim plaintiffs Medina, Roque, and Skivolocke.[21]  Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause.[22]  As the defaulting party, Planes bears the burden of establishing good cause. *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).  Good cause is a mutable and liberal standard, "not susceptible to a precise formula," but "not one so elastic as to be devoid of substance."   *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  Courts have generally focused on three factors when attempting to determine whether good cause has been shown:  *e.g.*, (1) whether the

---

[21] Doc. no. 45 (Amended Motion to Set Aside Entry of Default, for Leave to File an Answer Out of Time, and Opposition to Motion for Default Judgment).

[22] Rule 55 provides that "[t]he court *may* set aside an entry of default *for good cause*, and it *may* set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c) (alteration and emphasis supplied).

failure to act was willful; (2) whether the non-defaulting parties would be prejudiced as a result of the default being set aside; and (3) whether the defaulting party presented a meritorious defense to the suit. *Id.* "The factors are used to identify the circumstances leading to the default, but when a party 'willfully defaults by displaying either an intentional or reckless disregard for the judicial proceeding, the court need make no other findings in denying relief.'" *Regent Insurance Co. v. Findlay Roofing & Construction, Inc.*, 2017 WL 429415, at 2 (N.D. Ga. Jan. 31, 2017) (quoting *Compania Interamericana*, 88 F.3d at 951-52). There is a strong policy of deciding cases on their merits, but absent a good reason to do so, setting aside a Clerk's entry of default is not warranted. *African Methodist*, 185 F.3d at 1202.

Jeneffer Planes states in support of her motion that she has been "actively involved in the underlying dispute concerning the decedent's transfer-on-death beneficiary designation," and that her objection to the changes in beneficiaries is the basis of the interpleader action.[23] She states that she did not receive court mailings until "approximately mid-December 2025."[24] She further states that, during that time period, her mother entered hospice care and passed away on January 7, 2026; and that her mother's end-of-life arrangements prevented her from timely responding to court

---

[23] Doc. no. 45 (Planes's motion to set aside default),¶ 2.

[24] *Id.* ¶ 3.

11

filings.[25]  Planes "disputes the validity of the beneficiary change and intends to defend this action."[26]

The docket reflects that Planes was personally served with the amended interpleader complaint on December 27, 2025,[27] and with the cross-claim of cross-claim plaintiffs Medina, Roque, and Skivolocke on January 2, 2026.[28]  The summons served with each of those pleadings contained the following statements:

A lawsuit has been filed against you.

> Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

Doc. nos. 5 & 17.  The summons further advised Planes that she was required to serve the responsive pleading on the plaintiff's attorney, provided the name and address of that attorney, and instructed her to also file her responsive pleading with the court. Finally, the summons warned that:  "**If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.**"  *Id.* (boldface in original).

Upon consideration of Planes's motion and the facts, the court concludes that

---

[25] *Id.* ¶¶ 3, 4.

[26] *Id.* ¶ 8.

[27] Doc. no. 19 (Return of Service).

[28] Doc. no. 21.

her stated reasons for failing to answer the complaint do not constitute good cause for setting aside the clerk's entry of default. Planes maintains that, "[b]ecause [she] initiated the dispute, [she] had no reason to intentionally ignore this case."[29] However, Planes's inaction belies that assertion. Plaintiff took no action for: 88 days after being personally served by Raymond James with the summons and amended interpleader complaint; 82 days after being served with the cross-claim of cross-claim plaintiffs Medina, Roque, and Skivolocke; 54 days after default was entered; and two weeks after cross-claim plaintiffs filed their motion for entry of default judgment. The fact that Planes initiated the dispute, combined with the fact that no other interpleader defendant challenged distribution of account assets under the 2025, revised Transfer on Death Agreement, should have motivated her to participate vigorously in the case, rather than to ignore it. The court does not lack sympathy for Planes's loss of her mother, but her personally difficult situation does not excuse the default, especially because of her extended delays in responding in *any* manner to either Raymond James' amended complaint in interpleader, or to the cross-claim of cross-claim plaintiffs Medina, Roque, and Skivolocke.

While the foregoing considerations provide sufficient reason to deny Planes's request to set aside the Clerk's entry of default, there are additional reasons to do so.

---

[29] Doc. no. 45 (Motion to Set Aside Entry of Default), ¶ 2.

13

First, Planes failed to present a meritorious defense.  She states only that she disputes the validity of the beneficiary change, intends to defend the action, and, "therefore[,] has meritorious [*but unarticulated*] defenses to the claims asserted."  Doc. no. 45 (Motion to Set Aside Entry of Default), ¶ 2 (alterations supplied).  Those statements are not sufficient to justify setting aside the Clerk's entry of default.

> Courts have found the lack of a meritorious defense particularly important in assessing whether good cause exists to set aside an entry of default.  This makes good sense:  If a defendant can offer no meritorious defense to a claim, litigating that claim is just a longer road to the same destination reached by the entry of default.

*In re Lorenzo*, 606 F. App'x 548, 551 (11th Cir. 2015) (citing *Shepard Claims Services, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986)).  It is well settled that where a party seeks to set aside an entry of default, she must do more than Planes has done here:  that is, to merely allege that she has a defense to the action.  *See, e.g.*, *Savoiah-McHugh v. Glass*, 95 F.4th 1337, 1345 n.12 (11th Cir. 2024).  Instead, "the movant must present a factual basis for [her] claim."  *Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1002 (Bankr. N.D. Ga. 1983) (alteration supplied).  Planes offered no facts at all to support her assertion that she has "meritorious defenses to the claims asserted."

Second, the court concludes that cross-claim plaintiffs would be prejudiced if the entry of default is set aside.  Another judicial officer has described the applicable

considerations when a defaulting party fails to offer factual support for her claim:

> Prejudice to the plaintiff must be balanced against the policy favoring resolution of disputes on the merits. *The problem here is that Defendant has referenced no merits upon which the dispute might be resolved in his favor.* Thus there are no merits against which the prejudice to Plaintiff might be balanced. When a defaulting party has alleged no meritorious defense, the expense of prosecuting a suit makes any delay unduly prejudicial.

*In re Jawish*, 260 B.R. 564, 568 (Bankr. M.D. Ga. 2000) (emphasis supplied). Those circumstances are present here, and they counsel against Planes's request to set aside the Clerk's entry of default.

For all of the foregoing reasons, therefore, Planes's motion to set aside the Clerk's entries of default is due to be denied.

### III.  DEFAULT JUDGMENT

Cross-claim plaintiffs seek the entry of judgment by default against Jeneffer Planes as to both Raymond James' amended complaint in interpleader, and, their cross-claim for declaratory judgment,[30] and against Dietram Seevaram Varadhachary as to their cross-claim. Doc. no. 36 (Cross-Claim Plaintiffs' Motion for Default Judgment and Judgment on the Pleadings or, in the alternative, for Summary Judgment), at 10-18.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for

---

[30] As noted *supra*, cross-claim plaintiffs filed their motion before Planes sought to set aside the default. Since the court has determined that no good cause was shown to set aside the default, the court will proceed to the merits of cross-plaintiffs' motion for default judgment.

obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court is authorized to enter a clerk's default on the record of the case.  Fed. R. Civ. P. 55(a).  Second, after the Clerk's entry of default, if the defendant is not an infant or an incompetent person, a court may enter a default judgment against the defendant because of the defendant's failure to appear or defend.  Fed. R. Civ. P. 55(b).  "When a defendant defaults, she 'admits the plaintiff's well-pleaded allegations of fact.'"  *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Financial & Insurance Services*, 780 F.3d 1101, 1106 (11th Cir. 2015)).

As an initial matter, the court must ensure that it has both subject matter jurisdiction over the action, and personal jurisdiction over the defaulting defendant.  *See Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1262-63 (N.D. Ala. 2018).

As discussed in the beginning of this opinion, the court has subject matter jurisdiction over the amended complaint in interpleader as a result of Raymond James' satisfaction of all jurisdictional prerequisites required by 28 U.S.C. § 1335.

Likewise, the court concludes that it has supplemental jurisdiction over the cross-claim of cross-claim plaintiffs Medina, Roque, and Skivolocke for declaratory relief pursuant to 28 U.S.C. § 1367.  The cross-claim plaintiffs seek:  a judgment declaring that Mark Alexander McGarr's revised, 2025 Transfer on Death Agreement

controls the disposition of the funds and assets of the subject account; a judgment declaring that each beneficiary named in that agreement is entitled to the share specified; and, an order directing Raymond James to disburse the account funds in accordance with the revised, 2025 agreement. Those cross-claims are essentially the same as those presented in Raymond James' amended complaint in interpleader and, therefore, they are unquestionably "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (alteration supplied).

The court also is satisfied that it has personal jurisdiction over the defaulting defendants. Federal Rule of Civil Procedure 4(k)(1)(C) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." In turn, 28 U.S.C. § 2361 states that, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants . . . ." Defendants Jeneffer Planes and Dietram Seevaram Varadhachary each were served with the amended complaint in interpleader, and, with the cross-claim of cross-claim plaintiffs Medina, Roque, and Skivolocke.[31]  Therefore, the court has personal jurisdiction over those claimants.

---

[31] *See* doc. nos. 19, 21 (Planes); doc. nos. 8, 24 (Varadhachary).

17

Entry of judgment by default is warranted where there is a sufficient basis in the pleadings for the judgment to be entered. *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). In an interpleader action,

> default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint. This is to protect the interpleader plaintiff and other defendants by removing from the litigation any party who expresses no interest in the *res*.

*Protective Life Insurance Co. v. Tinney*, 2015 WL 1402464 at *4 (N.D. Ala. Mar. 25, 2015). "A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that may have been asserted." *Id.* The same is true in a declaratory judgment action: *that is*, judgment by default is appropriate where a defendant fails to respond to the claim for declaratory relief.

The Clerk entered default against Jeneffer Planes on January 30, 2026, and amended the default on February 12, 2026, to clarify that the default was entered as to both the amended complaint in interpleader, and, the cross-claim for declaratory judgment of cross-claim plaintiffs Medina, Roque, and Skivolocke. As discussed above, Planes did not establish good cause to set aside the entries of default.

Dietram Varadhachary answered the amended complaint in interpleader, but disclaimed any interest in the account beyond the ten percent specified in the 2025,

revised Transfer on Death Agreement.  He did not, however, answer the cross-claim.

The court has reviewed the allegations contained in the amended complaint in interpleader and the counterclaim/cross-claim for declaratory judgment, and concludes that there is a sufficient basis for default judgment to be entered.  Accordingly, the court will enter default judgment against Jeneffer Planes on the amended complaint in interpleader and the cross-claim for declaratory judgment of Medina, Roque, and Skivolocke.  Planes has forfeited any claim to the funds or assets in the account by her default.

Likewise, default judgment will be entered against Dietram Varadhachary on the cross-claim for declaratory judgment.

## IV.  JUDGMENT ON THE PLEADINGS

Cross-claim plaintiffs ask the court to enter judgment on the pleadings against Dietram Varadhachary on Raymond James' amended complaint in interpleader, and against Emily Graham Andrews on the amended complaint and their cross-claim.  A judgment on the pleadings may be granted after the pleadings are closed.  Fed. R. Civ. P. 12(c).  Pleadings are closed when the defendant has filed an answer.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014).  Varadhachary answered the amended complaint in interpleader, and Andrews answered both pleadings.

"Judgment on the pleadings is appropriate where there are no material facts in

dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  The court must accept the factual allegations of the complaint as true, viewed in the light most favorable to the non-moving party.  *Perez*, 774 F.3d at 1335.

The court has reviewed the factual allegations of the amended complaint in interpleader and the cross-claim of Medina, Roque, and Skivolocke for declaratory judgment, and finds that those pleadings adequately state a claim upon which relief may be granted.  The court further observes that Varadhachary and Andrews do not dispute the validity of the revised, 2025 Transfer on Death Agreement.[32]

The court also has reviewed cross-claim plaintiffs' statement of the controlling law with respect to the validity of the revised, 2025 Transfer on Death Agreement, and adopts their analysis as the opinion of the court.  Accordingly, the court concludes that judgment on the pleadings will be granted.  The revised, 2025 Transfer on Death Agreement is the operative designation of beneficiaries of McGarr's account, and the assets and funds in the account are to be disbursed to the named beneficiaries as stated in that agreement — *i.e.*, seventy percent (70%) to *Honey M. Skivolocke*; ten percent (10%) to *Thomas Joseph Medina*; ten percent (10%) to *Lourdes Inez Roque*; and, ten

---

[32] *See* doc. no. 12 (Answer of Defendant Dietram Varadhachary to Complaint for Interpleader), ¶¶ 1, 2 ("[Varadhachary] does not dispute the validity of the August 4, 2025 Transfer on Death ('2025 TOD') Agreement referenced in the complaint," and he did not assert a claim to the funds beyond the 10% interest allocated to him in the 2023 and 2025 TOD Agreements) (alteration supplied); doc. no. 32 (Andrews's Answer to Cross-Claim), ¶ 1 ("I do not contest the 2025 Transfer on Death Agreement signed by Alex McGarr on August 4, 2025, and thereafter submitted to Raymond James by Alex McGarr.") (record citation omitted).

percent (10%) to *Dietram Seevaram Varadhachary*.[33]

## VI.  CONCLUSION

In sum, the motion of Jeneffer Planes to set aside the Clerk's entries of default is due to be denied.  The motion of cross-claim plaintiffs Thomas Joseph Medina, Lourdes Inez Roque, and Honey M. Skivolocke for entry of judgment by default and judgment on the pleadings is due to be granted.  The alternative aspect of the cross-claim plaintiffs' motion seeking the entry of summary judgment will be denied as moot.

Finally, Raymond James requested in its amended complaint in interpleader and joint motion for interpleader that, following determination of the merits of the claims and cross-claims, it be awarded the attorney's fees and costs incurred in commencing this action.  "Disinterested stakeholders may . . . be awarded attorneys' fees and costs for their participation in the cause."  *Orseck, P.A. v. Servicios Legales de Mesoamerica*, 699 F. Supp. 2d 1344, 1349.  Cross-claim plaintiffs do not oppose the request.[34]  The court will establish by separate order a deadline for Raymond James to submit an affidavit setting forth the amount of the fees and costs incurred by its attorneys when prosecuting this action.  The amount of any fees and costs awarded by

---

[33] Doc. no. 4 (Amended Complaint in Interpleader) ¶ 18.  However, as stated in note 11, *supra*, Raymond James permitted Dietram Varadhachary to withdraw ten percent of the funds in the subject account on the date of McGarr's death, because Varadhachary was named as a beneficiary in both Transfer on Death Agreements and, therefore, was due to receive at least ten percent of the funds, regardless of which Agreement was determined to control distribution of the account.  *Id*. ¶ 14 n.1.

[34] Doc. no. 35 (Plaintiff and Counterclaim Defendant Raymond James and Associates, Inc., and Defendant and Cross-claim Plaintiffs Medina, Roque, and Skivolocke's Joint Motion for Interpleader) at 7.

this court will be deducted from the assets of the subject accounts.

A separate Judgment and order, consistent with this memorandum opinion, will be entered contemporaneously herewith.

**DONE** this 13th day of May, 2026.

_____
Senior United States District Judge